## IN THE UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SCOTT MacINTOSH,<br><br>Plaintiff,<br><br>v.<br><br>BUILDING OWNERS AND MANAGERS ASSOCIATION INTERNATIONAL,<br><br>and<br><br>HENRY CHAMBERLAIN<br><br>and<br><br>RON BURTON<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

CASE NUMBER   1:03CV01113

JUDGE: Emmet G. Sullivan

DECK TYPE: Employment Discrimination

DATE STAMP: 05/22/2003

JURY ACTION

COPY

### NOTICE OF REMOVAL

NOTICE IS HEREBY GIVEN that Defendants, Building Owners and Managers Association International ("BOMA"), Henry Chamberlain ("Mr. Chamberlain") and Ron Burton ("Mr. Burton) (hereinafter referred to collectively as "Defendants"), by and through their undersigned counsel, hereby remove this action from the Superior Court of the District of Columbia to the United States District Court for the District of Columbia pursuant to 28 U.S.C. §1441 *et seq.*  Defendants set forth the grounds for removal as follows

1.      Defendants are the only named defendants in the above-styled civil action filed in the Superior Court of the District of Columbia, Civil Action No. 03-0003558.  All defendants to this case consent to the removal of this action.

2.      Under Count II of his Complaint, plaintiff attempts to assert a cause of action under 42 U.S.C. §1981.  Accordingly, this Court has Federal Question jurisdiction over this matter pursuant to 42 U.S.C. § 1331.

3.      Upon information and belief, the plaintiff is a citizen of Canada.  The defendants are citizens of the United States of America.  The plaintiff seeks compensatory damages in the amount of one million dollars ($1,000,000.00).  Thus, this Court has jurisdiction by virtue of 28 U.S.C. §1332 (a)(2).

4.      This action is therefore a civil action to which this Court has original jurisdiction under 28 U.S.C. §§ 1331 and 1332 (a)(2) and is one in which Defendants are entitled to remove to this Court pursuant to 28 U.S.C. §1441 *et seq*.

5.      Defendants file this Notice of Removal within thirty (30) days of its receipt and service which occurred on May 2, 2003.  In accordance with 28 U.S.C. §1446 (a), attached hereto as **Exhibit 1** are copies of all process, pleadings and orders served upon Defendants in this action.

6.      Concurrently with the filing of this Notice in this Court, Defendants, pursuant to 28 U.S.C. § 1446 (d), are filing a copy of this Notice of Removal with the Clerk of the Superior Court for the District of Columbia.

WHEREFORE, Defendants Building Owners and Managers Association International, Henry Chamberlain and Ron Burton, hereby remove the above-

2

referenced action pending against them in the Superior Court of the District of

Columbia to the United States District Court for the District of Columbia.

Respectfully Submitted,

**WHITEFORD, TAYLOR & PRESTON, LLP**

Andrew J. Terrell (#431362)
Michael C. Gartner (#464756)
1025 Connecticut Avenue, N.W., Suite 400
Washington, D.C.  20036
(202) 659-6800 (voice)
(202) 331-0573 (facsimile)
Counsel for Defendants, Building Owners
and Managers Association International,
Henry Chamberlain and Ron Burton

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY THAT a true and accurate copy of the foregoing Notice of Removal with all Exhibits was served via first class mail, postage prepaid, this 22nd day of May, 2003, to:

C. Michael Tarone, Esquire
MCDONALD & KARL
900 17TH Street, N.W., Suite 1250
Washington, D.C. 20006

Andrew J. Terrell

140186

3



**Superior Court of the District of Columbia**
**Civil Division**

acIntosh, S., vs Building Owners And M A.I., et                    C.A. No. 03ca003558

## INITIAL ORDER

Pursuant to D C. Code §11-906 and District of Columbia Superior Court Rule of Civil Procedure SCR Civ") 40-I. it is hereby **ORDERED** as follows:

(1) Effective this date, this case is assigned to the individual calendar designated below  All future filings in is case shall bear the calendar number and judge's name beneath the case number in the caption.  On filing any motion paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies the Summons, the Complaint, and this Initial Order, and any General Order issued by the judge to whom the case is signed  As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed ithout prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in R Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant ust respond to the Complaint by filing an Answer or other responsive pleading.  As to any defendant who has failed so respond, a default and judgement will be entered unless the time to respond has been extended as provided in R Civ 55(a)

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned dge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a hedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. ounsel shall discuss with their clients _prior_ to the Conference whether the clients are agreeable to binding or non- nding arbitration   **This order is the only notice that parties and counsel will receive concerning this onference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Civil Assignment flice (202) 879-1750 may continue the Conference _once,_ with the consent of all parties, to either of the two ceeding Fridays  Requests must be made not less than six business days before the scheduling conference date, No her continuance of the Conference will be granted except upon motion for good cause shown.

lay 01,2003                         Chief Judge Rufus G. King, III

ase Assigned to:    Calendar **#5**  (Judge Mary A. Terrell)

itial conference @ 9 15am  08/01/03     Courtroom: JM-1, JM level, Main Bldg.,
                                        500 Indiana Ave., N.W.
                                        Washington, D.C. 20001



DEFENDANT'S EXHIBIT 1

CA Form 1

# Superior Court of the District of Columbia

## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C.  20001   Telephone: 879-1133

Scott Mac INtosh
240 Edwards Street
LindoN, ONtario             *Plaintiff*

vs.

03-0003558

Civil Action No. _____

Building owNers +
MANagers Associatic.l
INterNaticnal
1 261 N.Y. Ave., N.W.
Washington, DC 20005
crve: INc.urporatioN Services    **SUMMONS**
    6E.13th St. NW, Ste. 1200, Washington, DC 20005
To the above named Defendant:

    You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service.   If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have 60 days after service of this summons to serve your Answer.   A copy of the Answer must be mailed to the attorney for the party palintiff who is suing you.   The attorney's name and address appear below.   If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the adddress stated on this Summons.

    You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W. between 9:00 a.m. and 4:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 Noon on Saturdays.   You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff.   If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

C. Michael TaroNe
**Name of Plaintiff's Attorney**
McDoNald + KarI
910  17th St. NW, Ste. 1250    By _____
**Address**                                         Deputy Clerk
WashiNgtoN, DC 20006
202 - 293 - 3200              · Date: _____
**Telephone**

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPAÑOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170
YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-436/Dec. 91

NOTE:  SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT:  IF YOU FAIL TO SERVE AND FILE AND ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT.  IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT.  IF YOU INTEND TO OPPOSE THIS ACTION, *DO NOT FAIL TO ANSWER WITHIN THE REQUIRED TIME.*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W. for more information concerning places where you may ask for such help.

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

SCOTT MacINTOSH                              )
240 Edwards Street                           )         03-0003558
London, Ontario N6C3J6                       )
                                             )
        Plaintiff,                           )         **Demand Jury Trial**
                                             )
                                             )         Civil Action No.
            v.                               )         Judge
                                             )         Calendar
BUILDING OWNERS AND MANAGERS                 )         Next Event
ASSOCIATION INTERNATIONAL                    )
1201 New York Avenue, NW, Suite 300          )
Washington, DC 20005,                        )
                                             )
        Serve:                               )
        J.B. Corporate Services              )
        601 13th Street, NW, Ste. 1200       )
        Washington, DC 20005                 )
                                             )
        and                                  )
                                             )
HENRY CHAMBERLAIN                            )
Executive Director of BOMA                   )
1201 New York Avenue, NW, Suite 300          )
Washington, DC 20005,                        )
                                             )
        and                                  )
                                             )
RON BURTON                                   )
Vice-President of Advocacy and Research      )
  of BOMA                                    )
1201 New York Avenue, NW, Suite 300          )
Washington, DC 20005,                        )
                                             )
                                             )
        Defendants.                          )
                                             )



## COMPLAINT

### (Action for Damages under the DC Human Rights Act
### 42 U.S.C. § 1981, and for Wrongful Termination and Breach of Contract
### under Common Law)

1. Plaintiff MacIntosh is a Canadian citizen who resides at 240 Edwards Street London, Ontario N6C3J6, who worked for the defendant employer under a TN Visa sponsored by the employer.

2. Defendant Building Owners and Managers Association International ("BOMA") is an Illinois non-profit corporation authorized to do business in the District of Columbia, and having as a place of business 1201 New York Avenue, NW, Washington, DC 20005.

3. Defendant Henry Chamberlain is Executive Director of BOMA and an officer of the corporation. He is a resident of Virginia.

4. Defendant Ron Burton has been the Vice-President of Advocacy and Research of BOMA. He had been MacIntosh's immediate supervisor. He is a resident of Maryland.

5. Chamberlain and Burton are supervisors. Ellen Hobby is a Vice-President of Finance and Administration of BOMA.

6. The Court has jurisdiction of the claims herein. This court has concurrent subject matter jurisdiction over the federal claims. The cause of action arose in the District of Columbia.

-2-

## Factual Background

7.    MacIntosh started working for BOMA in January 1999 under the title "Director of Research."

8.    MacIntosh supervised two subordinates, Dora Blacknall, who was the Manager of Research Services, and Joseph Jones, who was the Director of Research.

9.    In January 2000, the Vice-President of Government Affairs and Research, Gerard Lederer, gave MacIntosh his first annual performance evaluation that rated his performance evaluation "very good."

10.    In January 2001, the Vice-President of Government Affairs and Research, Gerard Lederer, gave MacIntosh an annual performance evaluation that rated his performance "outstanding."

11.    On December 31, 2001, Ron Burton, Vice-President of Advocacy and Research, gave MacIntosh an annual performance evaluation that rated his performance "very good." Burton had started working for BOMA in August 2001.

12.    In 1998, a BOMA employee learned from publicly available information that BOMA had failed to make 401-K payments for four months.

13.    In January 2002, MacIntosh learned from the same employee that BOMA had failed to pay its December 2001 payment under its 401-K plan. MacIntosh brought this failure to pay to Ron Burton's attention. Burton stated he needed to speak to Hobby about it. Burton came back to MacIntosh and told him that BOMA had until the end of

-3-

January 2002 to make the payments.

14.    MacIntosh provided Burton with a copy of the applicable regulations of the U.S. Department of Labor that contradicted Burton's information about the due date for the December 2001 payment.

15.    MacIntosh received an E-mail that Burton sent to all employees that Burton supervised, including MacIntosh, that sough to explain why the 401-K payment had not been made. Burton suggested that the employees not spend their time paying attention to the office grapevine.

16.    In February 2002, Blacknall was sent by MacIntosh to Hobby to obtain a pay check for Sparkle Mitchell, a college age, African-American female worker who had not been paid. Hobby mistreated Blacknall and MacIntosh sent a written complaint to Burton about the incident. BOMA had a policy of not treating African-American employees equally, men and women. Upper management had been almost exclusively white, racial slurs were common and were not corrected when brought to management's attention. Hobby had failed to pay Sparkle Mitchell in a timely fashion under the wage and hour laws.

17.    Burton replied to MacIntosh's complaint about the mistreatment of Sparkle Mitchell by sarcastically accusing him of alleging that BOMA had engaged in impropriety in its contract with the U.S. Environmental Protection Agency.

18.    On May 6, 2002, MacIntosh was fired.

-4-

19. After his termination, BOMA had formally stated that MacIntosh resigned.

## COUNT I

## (DC Human Rights Act)

22. Plaintiff alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 21.

23. MacIntosh was fired by his supervisors and BOMA, based on information and belief, in retaliation for engaging in protected activity in protesting the treatment of African-American female employees of BOMA in violation of the District of Columbia Human Rights Act ("DCHRA"). The acts complained of here were done intentionally, maliciously, and with reckless disregard for MacIntosh's rights, so as to warrant an award of punitive damages.

## COUNT II

## (42 U.S. C. § 1981)

24. Plaintiff alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 23.

25. MacIntosh was fired by his supervisors and BOMA, based on information and belief, in retaliation for engaging in protected activity in protesting the treatment of African-American female employees of BOMA in violation of the 42 U.S. C. § 1981. The acts complained of here were done intentionally, maliciously, and with reckless disregard for MacIntosh's rights, so as to warrant an award of punitive damages.

-5-

## COUNT III

### (DC Human Rights Act)

26    Plaintiff alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 25.

27.    MacIntosh was fired by his supervisors and BOMA, based on information and belief, in retaliation for engaging in protected activity in protesting the treatment of African-American female employees of BOMA in violation of the DCHRA. The acts complained of here were done intentionally, maliciously, and with reckless disregard for MacIntosh's rights, so as to warrant an award of punitive damages.

## COUNT IV

### (42 U.S. C. § 1981)

28.    Plaintiff alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 27.

29.    MacIntosh was fired by his supervisors and BOMA, based on information and belief, in retaliation for engaging in protected activity in protesting the hostile work environment involving African-American female employees of BOMA in violation of the 42 U.S. C. 1981. The acts complained of here were done intentionally, maliciously, and with reckless disregard for MacIntosh's rights, so as to warrant an award of punitive damages.

## COUNT V

### (DC Human Rights Act)

30 Plaintiff alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 29.

31. MacIntosh was fired in retaliation by his supervisors and BOMA, based on information and belief, for engaging in protected activity in protesting the hostile work environment involving African-American female employees of BOMA in violation of the DCHRA. The acts complained of here were done intentionally, maliciously, and with reckless disregard for MacIntosh's rights, so as to warrant an award of punitive damages.

## COUNT VI

### (Wrongful Termination)

32. Plaintiff alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 31.

33. MacIntosh was wrongfully fired by BOMA, based on information and belief, in violation of the public policy refusing to defraud the federal government, for protesting the hostile work environment and opposing the discrimination against African-American female employees of BOMA. The acts complained of here were done intentionally, maliciously, and with reckless disregard for MacIntosh's rights, so as to warrant an award of punitive damages.

-7-

## COUNT VII

### (Breach of Contract)

34    Plaintiff alleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 33.

33.    MacIntosh was wrongfully fired by BOMA, based on information and belief, and breached its contract of employment with him that required that he be employed under October 6, 2002, under the arrangements with INS.

WHEREFORE, plaintiff Scott MacIntosh prays that judgment be entered against the defendants, jointly and severally under claims naming them, as follows:

A.    Under the False Claims Act, MacIntosh seeks damages against BOMA to the extent provided by statute, including reinstatement, back pay and front pay;

B.    Under the DCHRA, for $ 1 million in compensatory damages and $ 1 million in punitive damages, against each of the defendants herein, jointly and severally, including reinstatement, back pay and front pay;

C.    Under common law for wrongful discharge, for $ 1 million in compensatory damages and $ 1 million in punitive damages against BOMA and reinstatement, and for breach of contract for four months salary and related costs.

D.    Under 42 U.S. C. § 1981, for $ 1 million in compensatory damages and $ 1 million in punitive damages against each of the defendants herein, jointly and severally, including reinstatement, back pay and front pay;

-8-

E.      Award of reasonable attorney fees, expert witness fees, and costs under the DCHRA, the False Claims Act, and 42 U.S.C. 1988, and this court's rules;

F.      For permanent injunction to enforce BOMA's compliance with the DCHRA and federal civil rights laws; and

G.      For such other and further relief as the court may deem just and appropriate in the circumstance.

Respectfully submitted,

Dated: May 1, 2003

C. Michael Tarone, Esquire Bar No. 159228
McDonald & Karl
900 17th Street, N.W., Suite 1250
Washington, D.C. 20006
(202) 293-3200

Counsel for Plaintiff
SCOTT MacINTOSH

## Jury Demand

Plaintiff Scott MacIntosh demands trial by jury on all issues so triable as a matte of law.

C. Michael Tarone

-9-